UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EVANS, #194339,

   Plaintiff,     CIVIL ACTION NO. 09-14164

 v.         DISTRICT JUDGE MARK A. GOLDSMITH

JACKIE COOKE and H. ELUM,   MAGISTRATE JUDGE MARK A. RANDON

   Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (DKT. NO. 15)**

**I. INTRODUCTION**

Plaintiff Robert Evans is a Michigan prisoner, previously housed at the G. Robert Cotton Correctional Facility ("JCF"), in Jackson, Michigan.[1] Proceeding *pro se*, Plaintiff filed suit against Jackie Cooke (JCF's Assistant Librarian) and Hatatu Elum (JCF's Librarian) (collectively "Defendants") claiming that their delay in copying his "legal material" resulted in the denial of his state court petition for judicial review as untimely.

This matter comes before the Court on Defendants' motion for summary judgment. (Dkt. No. 15) The case was referred to the undersigned to conduct all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A). Plaintiff was ordered to respond to this motion on or before August 20, 2010. (Dkt. No. 17) To date, however, Plaintiff has failed to file a response.

---

[1] Plaintiff is currently housed at the Lakeland Correctional Facility in Coldwater, Michigan. (Dkt. No. 16)

-1-

Notwithstanding this lack of opposition, for the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE.**

**II. FACTS**

According to Plaintiff's complaint, on September 11, 2007, he gave Assistant Librarian Cooke legal documents to be photocopied "with a court deadline date of September 16, 2007."[2] (Dkt. No. 1) Plaintiff needed the documents for his petition which sought to obtain judicial review of the Michigan Department of Corrections' ("MDOC") decision affirming the imposition of a major misconduct violation against him. (Dkt. No.15, Ex. H) Plaintiff does not dispute that he received his copies on September 14, 2007.

Plaintiff alleges that upon being "called out" to the Library on September 14, 2007, Librarian Elum informed him that his copies had not been made because his prison account lacked sufficient funds to pay for the copying. Plaintiff alleges that, after reading Elum the policy (which entitled him to copies of documents notwithstanding his lack of funds), Elum provided him with copies the same day; however, the delay in copying his materials prevented him from mailing his petition until September 17, 2007. Plaintiff was subsequently notified via an order from the Ingham County Court in Michigan that his petition was due on September 14, 2007 – not received until September 19, 2007 – and, therefore, dismissed as untimely. Consequently, Plaintiff seeks $80,000 in compensatory damages and an injunction requiring a non-party – the Michigan Department of Corrections ("MDOC") – hire a Librarian "with legal background for Law Libraries."

---

[2] Significantly, Plaintiff miscalculated the filing deadline which was actually September 14, 2007. (Dkt 15, Ex. H)

The Copy Log maintained at JCF, confirms that Plaintiff submitted his documents for copying on Tuesday, September 11, 2007 and received his copies on Friday, September 14, 2007. (Dkt. No. 15-7, Att. 1) This three-day turn around time was consistent with MDOC Policy 05.03.115, Section GG, which states in part:

> Copies of necessary legal material shall be provided within three business days after receipt of a properly completed Legal Photocopy Disbursement Authorization form by designated staff; copies of items needed for legal research shall be provided as promptly as possible.

(Dkt. No. 15-7, Att. 2). Section HH of the Policy also provides that *upon request*[3] "[p]risoners who lack sufficient funds to pay for copies of legal exhibits or other documents necessary for litigation shall be loaned funds to pay for the copying."

### III. ANALYSIS

#### A. Standard of Review

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c)(2).

---

[3] *See* MDOC Policy 05.03.115, ¶ II.

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 547, 587 (1986); *see also B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. *Banks v. Wolfe County Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S. Ct. 1348 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S. Ct. 1575, 1592 (1968)).

### B. The Defendants' Motion is Unopposed

United States District Court for the Eastern District of Michigan Local Rule 7.1 (b) states that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, No.90-1850, slip op. at 1-2 (6th Cir. Oct. 9, 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

The Defendants filed the instant motion on July 13, 2010. Plaintiff was subsequently ordered to respond to the motion on or before August 20, 2010. (Dkt. No. 17) To date, however, Plaintiff

has failed to respond. Therefore, Defendants' motion may be deemed unopposed. *Humphrey v. U.S. Attorney General's Office*, 279 Fed.Appx. 328, 2008 WL 2080512 (6th Cir., May 15, 2008). Notwithstanding the lack of opposition, Defendants' motion is still well-taken in light of the analysis set forth below.

### C. Defendants are Entitled to Qualified Immunity

Defendants argue that they are entitled to qualified immunity as to Plaintiff's § 1983 claim. The doctrine of qualified immunity generally shields state actors from liability under § 1983 based on their discretionary acts. *See Anderson v. Creighton*, 483 U.S. 635, 638-640 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Daugherty v. Campbell*, 935 F.2d 780, 783-84 (6th Cir. 1991). As noted by the Sixth Circuit in *Daugherty*, "[q]ualified immunity entitles its possessor to immunity from suit rather than a mere defense to liability.'" *Id.* at 783 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original)). Thus, government actors have the freedom to perform their official duties without fear that even a slight misstep will trigger their financial ruin. *Wyatt v. Cole*, 504 U.S. 158, 167 (1992). However, government actors may lose this immunity when they violate clearly established constitutional rights of which a reasonable person should have known. *Anderson*, 483 U.S. at 638-39; *Harlow*, 457 U.S. at 818. "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action." *Anderson*, 483 U.S. at 639 (quoting *Harlow*, 457 U.S. at 819).

Plaintiffs bear the burden of defeating this immunity, which is a legal issue to be decided by the Court. *See Blake v. Wright*, 179 F.3d 1003, 1007 (6th Cir. 1999). First, Plaintiffs must show that Defendants deprived them of a right protected by the Constitution. Second, this right must be so

clearly established that a reasonable officer would understand that his or her actions would violate that right. *Harlow*, 457 U.S. at 818-19; *Cooper v. Parrish*, 203 F.3d 937, 951 (6th Cir. 2000). Courts are no longer required to address these questions in sequential order. *Pearson v. Callahan,* __ U.S. __, 129 S.Ct. 808 (2009).

"When conducting an inquiry to determine whether a constitutional right is clearly established, the law of our [C]ircuit requires us to look first to decisions of the Supreme Court, then to decisions of this Court and other courts within our [C]ircuit, and finally to decisions of other circuits." *Daugherty*, 935 F.2d at 784 (citations and quotation marks omitted). The standard for qualified immunity "depends substantially upon the level of generality at which the relevant 'legal rule' is to be identified...." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992) (quoting *Anderson v. Creighton*, 483 U.S. 635, 639-40 (1987))(quotation marks omitted). Thus, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Russo*, 953 F.2d at 1042. Although it need not be the case that "the very action in question has previously been held unlawful ... in the light of pre-existing law the unlawfulness must be apparent." *Id.* Immunity applies if reasonable officials could disagree as to whether the conduct violated the plaintiff's rights. *McCloud v. Testa*, 97 F.3d 1536, 1553 (6th Cir. 1996). However, the doctrine offers no protection to "the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Here, turning directly to the question of the reasonableness of Defendants' conduct, Plaintiff acknowledges that he submitted the documents to the JCF Prison Library for copying on September 11, 2007 – just five (5) days before September 16, 2007, the date he mistakenly believed was the

petition filing deadline.[4] Upon receipt of these documents and after Plaintiff's request to be loaned the funds for copying, Defendants complied with MDOC Policy Directive 05.03.115, Section GG, requiring that prisoners be furnished with copies of their properly submitted legal materials within three business days. As such, Plaintiff received his copies on September 14, 2007 – two days *before* his miscalculated September 16, 2007 filing deadline. Plaintiff's complaint offers no explanation for his conduct in presenting his legal materials for copying to the prison library so close to his filing deadline. Nor does he allege that his appeal would have been timely had the documents been copied on the 12th or 13th of September.[5] However, Defendants' actions in following established policy was not objectively unreasonable as a matter of law. *Bethany v. Reescano*, No. 9:08cv104, 2009 WL 5216887 *5 (E.D.Tex., Dec. 30, 2009) ("A reasonable correctional officer would have believed that following established policies complied with clearly established law. . .even if the belief later turns out to be mistaken."). *See also Lavado v. Keohane*, 992 F.2d 601, 610 (6th Cir.1993) ("Blatant disregard for established regulations," though not necessarily depriving government officials of qualified immunity, does "give rise to an inference of arbitrary or capricious action."). Accordingly, since Defendants' conduct was not objectively unreasonable they are entitled to qualified immunity and Plaintiff's claims against them must be dismissed.

---

[4] Actually, the deadline was September 14, 2007. (Dkt 15, Ex. H)

[5] Because Plaintiff was mistaken about the filing deadline, even had the copies been produced before September 14, 2007 – the actual filing deadline – Plaintiff's petition would still not have been timely. This issue goes to the heart of Defendants' second, well-taken, argument that Plaintiff has failed to allege an actual injury with respect to a non-frivolous claim. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("In order to state a claim for denial of meaningful access to the courts, however, plaintiffs must plead and prove prejudice stemming from the asserted violation."). Plaintiff also fails to allege that his petition was non-frivolous. Therefore, the undersigned finds that this provides an alternate basis to grant Defendants' motion.

### *D. Plaintiff's Request for Injunctive Relief Must be Dismissed*

In terms of relief, Plaintiff requests an injunction that requires non-party MDOC to hire a Librarian "with Legal background for Law Libraries." However, "injunctive relief is available. . .only against state officers-not the state itself-who violate federal law." *Lawson v. Shelby County, Tennessee*, 211 F.3d 331, 335 (6th Cir. 2000) (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)). Furthermore, since Plaintiff has been transferred to another correctional facility, any request for injunctive relief Plaintiff may have against employees or officers at the Cotton Correctional Facility is moot. *Kenseu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

## IV. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the Defendants' motion for summary judgment (Dkt. No. 15) be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                                  s/Mark A. Randon
                                                                   MARK A. RANDON
                                                                   UNITED STATES MAGISTRATE JUDGE

Dated: December 21, 2010

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, December 21, 2010, by electronic and/or first class U.S. mail.*

                                                                s/Melody R. Miles
                                                                *Case Manager to Magistrate Judge Mark A. Randon*
                                                                  (313) 234-5542

*Copies mailed to:*

    **Robert Evans** #194339
    LAKELAND CORRECTIONAL FACILITY
    141 FIRST STREET
    COLDWATER, MI 49036